UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMIE MARIE TARANTINO,

    Plaintiff,

v.                                             Case No: 8:12-cv-2756-T-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on the Unopposed Motion for Attorney's Fees Under 42 U.S.C. § 406(b)(1) ("Motion"), filed by Plaintiff's attorney, Stacy B. DeVeau of the Law Offices of Charles E. Binder and Harry J. Binder, LLP. (Dkt. 23). The Motion is unopposed. (Dkt. 23 at 4.) For the reasons that follow, the Motion is granted.

## BACKGROUND

In August 2013, on Defendant's unopposed motion (Dkt. 16), this Court reversed the ALJ's decision denying Plaintiff disability benefits and remanded the case to the ALJ to conduct further proceedings. (Dkts. 17, 18.) Plaintiff's counsel was awarded fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Dkt. 21.) Pursuant to the Court's order, on remand, the ALJ held a second hearing and, again, determined that Plaintiff was not disabled. (Dkt. 24 ¶ 6.) On appeal, the Appeals Council vacated this decision and remanded to the ALJ for further proceedings. (*Id.*) After a third hearing, in November 2017, the ALJ entered a fully favorable decision, finding Plaintiff disabled and awarding her past due disability benefits. (*Id.*; Dkt. 24-1, Ex. C.) The Social Security Administration withheld twenty-five percent of Plaintiff's past due benefits for the payment of Plaintiff's legal fees. (Dkt. 24 ¶ 12; Dkt. 24-1, Ex. C at 3.)

In the Motion, Plaintiff's attorney seeks an award of a contingency fee pursuant to 42 U.S.C. § 406(b). (Dkt. 23 at 3.)[1] Plaintiff's counsel states that she will remit the previously-awarded EAJA fees to Plaintiff upon receipt of the fees requested in the Motion. (*Id.*) *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (quotation omitted) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee.").

**APPLICABLE STANDARDS**

"Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b). Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court," but instead "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. The single "boundary line" to which courts must adhere is that "[a]greements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* For fees sought within the "25 percent boundary," a movant must show that "that the fee sought is reasonable for the services rendered." *Id.*

---

[1] Plaintiff's counsel is separately seeking approval from the Commissioner of their fees for their time expended on Plaintiff's behalf at the administrative level. (Dkt. 24 ¶ 14.) The sum of fees sought from the Commissioner and this Court, Plaintiff submits, does not exceed twenty-five percent of Plaintiff's awarded benefits. (*Id.*)

## ANALYSIS

Plaintiff's counsel seeks an award of a contingency fee of $16,000 for their time spent on this appeal in 2012 and 2013, which totaled 27.7 hours. (Dkt. 23 at 3, 4.) The supporting itemization of hours is identical to the itemization Plaintiff's counsel submitted in support of Plaintiff's motion for an award of fees under the EAJA in September 2013. (Dkt. 20-3, Dkt. 24-1 Ex. B.) Specifically, in November 2013, the Court awarded Plaintiff fees under the EAJA in the amount of $5,158.57, which was the product of the 27.7 hours worked and the EAJA hourly rates varying from $183 to $186.64. (Dkt. 21.) In the Motion, Plaintiff's counsel requests $16,000 for the same 27.7 hours worked on Plaintiff's behalf before this Court. Plaintiff's counsel argues that this amount should be approved because Plaintiff agreed to a contingency fee of twenty-five percent of the retroactive benefits she was awarded, and the requested amount is less than twenty-five percent of the retroactive benefits ($24,790). (Dkt. 24-1, Ex. C at 3.)

In assessing reasonableness, courts consider the whether the retainer agreement contains a fee agreement and whether the sum requested was less than twenty-five percent of the awarded retroactive benefits. *See Vilkas v. Comm'r of Soc. Sec.*, No. 2:03CV687FTM-29DNF, 2007 WL 1498115, at *1 (M.D. Fla. May 14, 2007) (citing *Gisbrecht*, 535 U.S. at 807–08 and awarding the requested contingency fee under § 406(b) because the plaintiff agreed to pay his counsel twenty-five percent of any awarded retroactive benefits under the retainer agreement and the sum requested was less than twenty-five percent of the awarded retroactive benefits). Here, Plaintiff agreed to pay the Law Offices of Harry J. Binder and Charles E. Binder, P.C. twenty-five percent of past due benefits she was awarded (Dkt. 24-1, Ex. A ¶ II), which comports with § 406(b)(1)(A). And the requested fee of $16,000 is less than twenty-five percent of the awarded retroactive benefits.

Further, courts consider "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Here, Plaintiff's counsel's initial appeal resulted in the Court's reversing and remanding the unfavorable decision. (Dkt. 17.) On remand, after a second unfavorable decision, Plaintiff's counsel's appeals eventually resulted in a fully-favorable decision and an award of retroactive disability benefits. (Dkt. 24 ¶ 6.) Plaintiff's counsel filed the Motion promptly after receiving the notice of the retroactive benefits award. (*Id.* ¶ 12; Dkt. 24, Ex. C.) Thus, the favorable results counsel achieved for Plaintiff and counsel's promptness in filing the Motion support the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 808 (reasoning that a reduction in the requested fees is warranted if an attorney is "responsible for delay . . . so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court").

Finally, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is [ ] in order." *Gisbrecht*, 535 U.S. at 808 (explaining that a time itemization and a statement of the attorney's normal hourly billing rate is helpful to aid the court's reasonableness assessment, while describing the court's wide discretion in this assessment because "[j]udges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review"). However, when reviewing the contingency fee requested in terms of the equivalent hourly rate, courts in the Eleventh Circuit have approved contingency fees that equate to high hourly rates, and the requested contingency fee here equating $577 per hour is not unreasonable. *Carpenter v. Astrue*, No. 8:10-CV-290-T-TGW, 2012 WL 367261, at *1 (M.D. Fla. Feb. 3, 2012) (approving a contingency fee equaling approximately $852 per hour); *Haynes v. Astrue*, No. 8:09-CV-392-T-TGW, 2011 WL 127121, at *1 (M.D. Fla. Jan.

14, 2011) (approving a contingency fee equaling approximately $453 per hour); *Vilkas*, 2007 WL 1498115, at *2 (approving a contingency fee equaling "approximately $1121.86 per hour for the 5.5 hours she spent in this case" because "[e]ven though the fee request on an hourly basis is high," the requested amount was far less than twenty-five percent of the retroactive benefits).

Therefore, the Court approves the attorney's fees requested by counsel as reasonable. Accordingly, it is **ORDERED** that Plaintiff's Unopposed Motion for Attorney's Fees Under 42 U.S.C. § 406(b)(1) (Dkt. 23) is **GRANTED**. Plaintiff's counsel, the Law Offices of Charles E. Binder and Harry J. Binder, is awarded $16,000 in fees pursuant to 42 U.S.C. § 406(b), conditioned upon Plaintiff's counsel remitting to Plaintiff the previously-awarded $5,158.57 in EAJA fees (Dkt. 21). *See Haynes*, 2011 WL 127121, at *2.

**DONE** and **ORDERED** in Tampa, Florida, on February 12, 2018.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record